J-S48013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,      :      IN THE SUPERIOR COURT
OF PENNSYLVANIA

Appellee      :

v.      :

DAVID HUERTAS,      :

Appellant      :      No. 605 EDA 2019

Appeal from the PCRA Order Entered February 4, 2019
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001251-2015

BEFORE:    BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED JANUARY 24, 2020**

I agree with the Majority that Appellant's issue on appeal has arguable merit. Appellant contends that the questioning by trial counsel of the Commonwealth's expert, Dr. Jenssen, improperly bolstered her testimony and violated the statute regarding the admissibility of expert opinion regarding the credibility of witnesses. Trial counsel's questioning permitted Dr. Jenssen to state over and over again that she indeed believed the victims. **See** N.T., 12/2/2015, at 96-102. It has long been the law of this Commonwealth that "[i]t is an encroachment upon the province of the jury to permit admission of expert testimony on the issue of a witness' credibility." **Commonwealth v. Seese**, 517 A.2d 920. 922 (Pa. 1986). "Indeed, to permit expert testimony

---

* Retired Senior Judge assigned to the Superior Court.

for the purpose of determining the credibility of a witness would be an invitation for the trier of fact to abdicate its responsibility to ascertain the facts relying upon the questionable premise that the expert is in a better position to make such a judgment." *Id*. (internal quotation marks omitted).

Having concluded that Appellant's issue has arguable merit, I now consider whether trial counsel had a reasonable basis for engaging in this line of questioning. At the PCRA hearing, trial counsel testified about why he questioned Dr. Jenssen regarding whether she believed the victims. According to counsel, his strategy was to show that Dr. Jenssen "was biased. Before she ever looked at these children, she had a preconceived notion that, in fact, they had been molested. Before the[y] ever stepped into her room, she believed they had been molested." N.T., 1/28/2019, at 11. Trial counsel conceded that some questions he asked would have been inadmissible had they been asked by the Commonwealth, but it was his position that because he was asking the questions on cross-examination and for a specific purpose, he was not ineffective. *See id*. at 16.

"When assessing whether counsel had a reasonable basis for his act or omission, the question is not whether there were other courses of action that counsel could have taken, but whether counsel's decision had any basis reasonably designed to effectuate his client's interest." *Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016).

Here, counsel offered a cogent reason for the line of questions at issue. Accordingly, I agree with the PCRA court that trial counsel's strategy satisfies the standard for being reasonable. Based on the foregoing, trial counsel's representation of Appellant was not ineffective, and I agree with the Majority and the PCRA court that Appellant is not entitled to relief.[1]

---

[1] Because trial counsel's actions in questioning Dr. Jenssen had a reasonable basis, we need not reach the issue of whether Appellant was prejudiced by counsel's questioning. I note, however, that the Majority places a virtually unattainable burden on Appellant, relying on **Commonwealth v. Spotz**, 84 A.3d 294 (Pa. 2014). At one point, the Majority opines that "[a] defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." Majority, at 21. I agree with this standard. However, the Majority then concludes that Appellant has failed to establish this prong because his "claims regarding prejudice are confined to … speculation regarding how Dr. Jenssen's testimony **might** have impacted the proceedings below." Majority, at 22 (emphasis in original). Short of getting affidavits from all the jurors, which of course is impermissible, there is no way any appellant could say conclusively that the verdict actually would have been different. The Majority then compounds its error by essentially noting that the Commonwealth presented sufficient evidence to support Appellant's conviction and therefore, Appellant has failed to demonstrate **actual** prejudice. The Majority conflates the standards for sufficiency of the evidence and prejudice where counsel is alleged to be ineffective.

Instantly, as in many cases of sexual abuse, the only witnesses to the abuse are the perpetrator and the victim or victims. Additionally, as in many cases of sexual abuse, the victim or victims delay in reporting the abuse and there is no physical evidence that the abuse occurred. This is such a case. Under such circumstances, even where the evidence is sufficient to sustain the convictions, as it is here, it is impossible to say the evidence is overwhelming. Accordingly, it is improper under these circumstances to dismiss a claim for ineffective assistance of counsel merely because the Commonwealth indeed presented sufficient evidence at trial.